UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PREVIN D. WRIGHT,

      Petitioner,

v.                            Case No. 3:22-cv-239-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

## ORDER

### I. Status

Petitioner Previn D. Wright, an inmate of the Florida penal system, initiated this action on February 25, 2022,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] Wright is proceeding on an Amended Petition (Amended Petition; Doc. 3), with exhibits (Docs. 3-1 through 3-5). In the Amended Petition, Wright challenges a 2011 state court (Putnam County, Florida) judgment of conviction for sexual battery and attempted sexual battery. He raises one ground for relief. See Amended Petition at 7–10. Respondents have submitted a memorandum in opposition to

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

the Petition, arguing that the action is untimely. See Response to Petition (Response; Doc. 10). They also submitted exhibits. See Doc. 10-1. Wright filed a brief in reply. See Response to the State Prosecutor's Request to Dismiss (Reply; Doc. 13). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. Analysis

Respondents contend that Wright has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 4. The following procedural history is relevant to the one-year limitations issue. On January 7, 2011, the State of Florida charged Wright by amended information with three counts of sexual battery. Doc. 10-1 at 4. On October 25, 2011, Wright entered into a negotiated plea, and the circuit court sentenced Wright to twenty-year terms of imprisonment for two counts of sexual battery and a fifteen-year term of imprisonment for one count of attempted sexual battery. Id. at 6–16. The circuit court ordered the sentences to run concurrently. Id. at

3

15. The Fifth District Court of Appeal (Fifth DCA) per curiam affirmed Wright's conviction and sentence without a written opinion on April 24, 2012, id. at 24, and it issued the mandate on May 18, 2012, id.

As Wright's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Wright's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Wright to file a petition for writ of certiorari expired on Monday, July 23, 2012 (ninety days after April 24, 2012). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Wright had until July 23, 2013, to file a federal habeas petition. He did not file his Petition until February 25, 2022. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

4

Wright immediately tolled the one-year limitations period on July 16, 2012, when he filed a motion to reduce or modify his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Id. at 18; see also Rogers v. Sec'y, Dep't of Corr., 855 F.3d 1274, 1278–79 (11th Cir. 2017) (holding a Rule 3.800(c) motion tolls the limitations period for a federal habeas petition). The circuit court denied relief on July 30, 2012. Id. The circuit court's order was not appealable. See Davis v. State, 745 So. 2d 499, 499 (Fla. 1st DCA 1999) ("A trial court's order denying, on the merits, a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence is not appealable."). Therefore, the limitations period began to run the next day, July 31, 2012, and ran until it expired on July 31, 2013. Wright did not file his Petition until February 25, 2022. Given the record, the Petition is untimely filed and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.[3]

In the Petition, Wright essentially argues that he is actually innocent. He asserts that the charging affidavit is invalid because it does not contain a

---

[3] Wright also filed a state petition for writ of habeas corpus on September 29, 2020. See Doc. 10-1 at 18. However, as he filed the petition after the statute of limitations had expired, it did not toll the limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that postconviction motions filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a deadline has expired, there is nothing left to toll").

sworn notary seal. See Reply at 2. Therefore, Wright contends that his conviction "is illegal because all proceedings taking place including the arrest where [sic] invalid." Id. In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[4] and House,[5] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

Id. at 386–87. "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than

---

[4] Schlup v. Delo, 513 U.S. 298 (1995).
[5] House v. Bell, 547 U.S. 518 (2006).

6

legally innocent." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted).

Wright's argument concerns the legal sufficiency of the charging affidavit, which does not show that he is factually innocent of the crimes. Regardless, the charging affidavit was sworn before a law enforcement officer. See Doc. 3-1 at 2. Pursuant to Florida law, an officer may administer oaths when engaged in the performance of official duties. Fla. Stat. § 117.10(2). Because Wright has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Wright seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Wright "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting

7

Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     Respondents' request to dismiss (Doc. 10) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Wright appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of October, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/15
c:  Previn D. Wright, #969144
    Counsel of record